UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN S. ANONUEVO,<br>　　Plaintiff,<br>　v.<br>CAL REMINGTON, et al.,<br>　　Defendants. | Case No. 16-cv-06898-JCS (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 23 |

# INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises claims against jailors and medical staff at the San Mateo County Jail. The original complaint was dismissed with leave to amend because plaintiff failed to state any claim for relief. The third amended complaint, the subject of this order, similarly fails to state a claim for relief under federal law. Accordingly, the action is DISMISSED without prejudice to plaintiff pursuing his claims in state court.

# DISCUSSION

## A. Standard of Review

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "A plaintiff's obligation to provide the 'grounds of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

   **1.  Original Complaint**

Plaintiff alleged in his original complaint that he was informed by a nurse that unnamed medical staff at the Maple Street Correctional Center in San Mateo "mistakenly overdosed" him with an unnamed medication for five days. According to plaintiff, this act of "negligence" injured his kidneys such that he is now a diabetic.

The Court rejected these allegations as insufficient to state a claim. Plaintiff failed to provide the names of the persons responsible for prescribing his medication, or the name or dosage amount.

Plaintiff's allegations were rejected also because they stated at most an instance of negligence or gross negligence, neither of which is sufficient to make out a violation of the Eighth Amendment.

2

### 2. First and Second Amended Complaints

The second amended complaint arrived before the Court could review the first amended complaint. The second amended complaint was dismissed with leave to amend because plaintiff filed "exhibits," which appeared to raise claims not listed in the new complaint. Rather than proceeding with such piecemeal litigation, the Court dismissed the second amended complaint with leave to file an amended complaint that would include all claims.

### 3. Third Amended Complaint

The third amended complaint fails to state any claim for relief. As with the original complaint, plaintiff's allegations amount to, at most, a description of negligence on behalf of defendants. Neither negligence nor gross negligence is sufficient to state a claim under section 1983. *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994).

Plaintiff also fails to adhere to the requirements of *Leer*, which mandates that the "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Rather, he says only that unnamed "defendants knew the dosage was wrong" and "they acted purposely and used deliberate indifference." (Third. Am. Compl. at 3.) This formulaic recitation of the elements of a cause of action unattached to any specific defendant do not meet the pleading requirements of *Iqbal*.

Plaintiff should consider bringing his claims in state court. While allegations of negligence do not state a claim under federal law, they may state a claim under state law. Whether such claims will survive initial review or will ultimately be successful in state court, this Court cannot say. The appropriate state court in which to file such claims is the San Mateo County Superior Court.

### CONCLUSION

This federal civil rights action is DISMISSED without prejudice to plaintiff filing his claims in state court, or to moving to reopen this federal suit if plaintiff can allege facts

3

that plausibly establish a violation of his federal constitutional rights.

Plaintiff's motion for the appointment of counsel (Dkt. No. 23) is DENIED for the reasons stated in the Court's prior order denying a prior request for counsel (Dkt. No. 22).

The Clerk shall terminate Dkt. No. 23, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** August 24, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN S. ANONUEVO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAL REMINGTON, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-06898-JCS<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on August 24, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ryan S. Anonuevo ID: #269701
Maple Street Corr. Center
1300 Maple Street
Redwood City, CA 94063


Dated: August 24, 2017

　　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　Karen Hom, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　Honorable JOSEPH C. SPERO